**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **JESUS AND MARGARET AGREDANO** | § | |
| Plaintiff | § | |
| v. | § | CASE NO. _____ |
| | § | |
| **STATE FARM LLOYDS** | § | |
| Defendant | § | |

**Exhibit 2**

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **JESUS AND MARGARET AGREDANO** | § | |
| **Plaintiff** | § | |
| **v.** | § | **CASE NO. 5:15-cv-1067** |
| | § | |
| **STATE FARM LLOYDS** | § | |
| **Defendant** | § | |

*INDEX OF MATTERS BEING FILED AND LIST OF ALL COUNSEL OF RECORD*

1.   Index of Matters Being Filed;

2.   Plaintiffs' Original Petition;

3.   Executed Citation for State Farm Lloyds;

4.   State Farm Lloyds' Original Answer;

5.   List of Counsel of Record; and

6.   Civil Cover Sheet.

Respectfully submitted,

ALLEN, STEIN & DURBIN P.C.
6243 I.H. 10 West, 7th Floor
P.O. Box 101507
San Antonio, Texas  78201
(210) 734-7488 (Telephone)
(210) 738-8036 (Telecopier)

*/s/ Jennifer Gibbins Durbin*

_____
JENNIFER GIBBINS DURBIN
State Bar No. 07840500
jdurbin@asdh.com

CLAY W. MORGAN
State Bar No.  24041526
cmorgan@asdh.com

ATTORNEYS FOR DEFENDANT
STATE FARM LLOYDS

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing ***Defendant State Farm Lloyds' Index of Matters Being Filed*** was electronically filed with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following individual(s), on the 3rd day of December, 2015.

      Mr. Joshua P. Davis
      Ms. Katherine Ray
      Josh Davis Law Firm
      1010 Lamar, Suite 200
      Houston, Texas 77002

                    */s/ Jennifer Gibbins Durbin*

                    JENNIFER GIBBINS DURBIN
                    CLAY W. MORGAN

#1360557/3277 233/CWM/hc

FILED
9/23/2015 1:30:54 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Lisa Morales

**J/D CITS PPS SAC2**

CAUSE NO. ___**2015CI16101**___

| | | |
|---|---|---|
| **JESUS AND MARGARET AGREDANO,** | § § § | IN THE DISTRICT COURT OF |
| Plaintiffs. | § | |
| | § | BEXAR COUNTY, TEXAS |
| **vs.** | § § | |
| **STATE FARM LLOYDS,** | § § | **225TH**___ JUDICIAL DISTRICT |
| Defendant. | § § | |

## PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

Plaintiffs, Jesus and Margaret Agredano, file this Original Petition complaining of Defendant, State Farm Lloyds ("State Farm") and in support thereof show the court and the jury the following:

### DISCOVERY CONTROL PLAN

1.      Plaintiffs intend that discovery be conducted under Discovery Level 3 and request the Court issue a Scheduling Order.

### PARTIES

2.      Plaintiffs are individuals residing in Bexar County, Texas.

3.      Defendant State Farm is an insurance company licensed to do business in the State of Texas, and may be served with process by serving its agent for service, Corporation Service Company c/o State Farm Lloyds, 211 E. 7th St., Suite 620, Austin, Texas 78701.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this controversy because the damages sought by Plaintiffs are within the jurisdictional limits of this Court. Plaintiffs' damages are less than $75,000.00. However, TEX.  R.  CIV.  P.  47 requires Plaintiffs to plead monetary relief of $100,000.00 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fee.

5.      The Court has jurisdiction over certain parties because they are companies doing business in Texas and/or individuals who reside in Texas.

6.      Venue is proper in this county because the facts giving rise to this litigation occurred in Bexar County. The laws of the state of Texas apply to the subject matter of this dispute.

## FACTUAL BACKGROUND

7.      Plaintiffs have an insurance policy with State Farm that covers their home, policy number 831556784 (the "Policy"). Plaintiffs' residence is located at 7630 Glen Mont, San Antonio, TX 78239 (the "Property"). On August 11, 2014, Plaintiffs' home was damaged due to wind and hail. Plaintiffs submitted a claim related to this covered loss and Defendant denied the claim.

## CLAIMS

### *Negligent Misrepresentation*

8.      Plaintiffs sue Defendant for negligent misrepresentations. Defendant, either individually or through its authorized agents, employees or representatives, solicited Plaintiffs and made several false representations regarding Defendant's readiness,

2

willingness and ability to fulfill the terms and duties placed on it by terms of Plaintiffs' insurance agreement. These representations led Plaintiffs to rely upon Defendant and were a material basis for their decision to enter into the respective policies. Absent the misrepresentations made by Defendant, or its authorized agents, employees or representatives, Plaintiffs would not have entered into the respective policies with Defendant. Defendant either knew, or should have known, that these representations were false and made for the purpose of deceiving Plaintiffs so that they would rely on said misrepresentations to Plaintiffs' detriment. As such, Defendant's misrepresentations have caused Plaintiffs to suffer damages for which they now seek compensation.

### *Breach of Good Faith and Fair Dealing*

9.      Defendant, as Plaintiffs' insurance company, at all times during the claims process owed a duty of good faith and fair dealing. Defendant's acts and omissions violated that duty and Plaintiffs were damaged as a result.

### *Breach of Contract*

10.      Defendant, through its various contractual relationships with Plaintiffs, breached its contract with Plaintiffs through its acts and omissions, and caused damages to Plaintiffs that are greater than the jurisdictional limits of this Court.

### *Money Had & Received/Unjust Enrichment*

11.      Defendant, by refusing to present Plaintiffs with their rightful insurance proceeds stemming from their claims, has caused Plaintiffs to suffer an unconscionable loss and Defendant is unjustly enriched as a result.

3

*Negligence*

12.     At all times Defendant owed the duty of reasonable care to Plaintiffs. Defendant, through its acts and omissions, has breached that duty of care and caused damages to Plaintiffs that are greater than the minimal jurisdictional limits of this Court.

***Texas Insurance Code §§ 541.060 and 541.152***

13.     Defendant violated numerous provisions of the TEXAS INSURANCE CODE, Article §541.060 that include:

   a.  misrepresenting to a claimant a material fact or policy provision relating to coverage at issue;

   b.  failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of:

      i.   a claim with respect to which the insurer's liability has become reasonably clear; or

      ii.  a claim under one portion of a policy with respect to which the insurer's liability has become reasonably clear to influence the claimant to settle another claim under another portion of the coverage unless payment under one portion of the coverage constitutes evidence of liability under another portion;

   c.  failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

   d.  failing within a reasonable time to:

      i.   affirm or deny coverage of a claim to a policyholder; or

      ii.  submit a reservation of rights to a policyholder;

4

     e. refusing, failing, or unreasonably delaying a settlement offer under applicable first-party coverage on the basis that other coverage may be available or that third parties are responsible for the damages suffered, except as may be specifically provided in the policy; and,

     f. refusing to pay a claim without conducting a reasonable investigation with respect to the claim;

TEX. INS. CODE ANN. § 541.060 (Vernon).

    14.    Defendant's violations of this provision caused damages to Plaintiffs that are greater than the minimal jurisdictional limits of this Court. Plaintiffs are entitled to relief in accordance with Articles §541.152(a) of the TEXAS INSURANCE CODE.

    15.    Plaintiffs are also entitled to additional damages pursuant to Article §541.152(b) because Defendant violated that statute knowingly.

### DAMAGES

    16.    As a direct and proximate result of the acts, omissions, breaches and violations more fully described above, Plaintiffs have been damaged by Defendant's acts and/or omissions and those damages are within the jurisdictional limits of this Court.

    17.    Ultimately, Plaintiffs will ask a jury of their peers to assess a fair and reasonable amount of money damages as compensation for their economic and non-economic injuries, as well as punishment for Defendant's actions. These damages will include statutory penalty interest and consequential damages. Additionally, Plaintiffs seek pre- and post-judgment interest, costs of court, and reasonable and necessary attorney's fees.

### EXEMPLARY DAMAGES

18.     Defendant's actions as described above were intentional and made with knowing disregard for Plaintiffs' rights and/or with malice towards Plaintiffs. Plaintiffs pray for punitive damages in addition to compensatory damages.

### ATTORNEYS' FEES

19.     Plaintiffs have been required to obtain legal counsel as a result of Defendant's intentional acts and omissions. As a result, Plaintiffs have and will incur attorney's fees and expenses prosecuting their claims. Plaintiffs are therefore entitled to recover their reasonable and necessary attorney's fees under both the TEXAS INSURANCE CODE and TEX. CIV. PRAC. & REM. CODE. ANN. § 38.001 *et seq*.

### CONDITIONS PRECEDENT

20.     All necessary conditions precedent to the filing of this suit have been, or will be, met as required by law.

### JURY DEMAND

21.     Plaintiffs demand a trial by jury and include the appropriate fee herein.

### REQUEST FOR DISCLOSURE

22.     Plaintiffs request that Defendant disclose within 50 days of the receipt of this suit the information listed in TEXAS RULE OF CIVIL PROCEDURE 194.2 (a) – (l).

<u>CONCLUSION</u>

Plaintiffs request that Defendant, State Farm be cited to appear and answer herein, and that upon a final hearing of this cause, judgment be entered for Plaintiffs against Defendant for the following:

a.      Actual and consequential damages;

b.      Punitive and additional damages;

c.      Statutory interest of 18%;

d.      Attorney's fees and expenses;

e.      Pre- and post-judgment interest at the maximum legal rate;

f.      Costs of suit; and,

g.      All other and further relief, at law or in equity, to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,

**JOSH DAVIS LAW FIRM**

By:   /s/ *J. Davis*
        Joshua P. Davis
        State Bar No. 24055379
        Katherine Ray
        State Bar No. 24091634
     1010 Lamar, Suite 200
     Houston, Texas 77002
     713.337.4100/Phone
     713.337.4101/Fax
     *josh@thejdfirm.com*
     *katie@thejdfirm.com*

**Attorneys for Plaintiffs**

7

## CAUSE NO. 2015 CI 16101

| | | |
|---|---|---|
| **JESUS AND MARGARET AGREDANO,** | § § § | **IN THE DISTRICT COURT OF** |
| **Plaintiffs.** | § § | |
| | § | **BEXAR COUNTY, TEXAS** |
| **vs.** | § § | |
| **STATE FARM LLOYDS,** | § § | **225th JUDICIAL DISTRICT** |
| **Defendant.** | § | |

### PLAINTIFFS' FIRST REQUEST FOR PRODUCTION, SET OF INTERROGATORIES, AND REQUEST FOR ADMISSIONS TO DEFENDANT

TO: Defendant, State Farm Lloyds, by and through its registered agent, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

The following Request for Production, Interrogatories, and Request for Admissions are served upon Defendant State Farm Lloyds ("State Farm") pursuant to Rule 196, 197, and 198 of the TEXAS RULES OF CIVIL PROCEDURE. Defendant must produce copies of all responses, admissions, and requested documents (as they are kept in the ordinary course of business or organized and labeled to correspond with categories in each request), not more than 50 days after service, at the office of Joshua P. Davis, JOSH DAVIS LAW FIRM, 1010 Lamar, Suite 200, Houston, Texas 77002.

Respectfully submitted,

**JOSH DAVIS LAW FIRM**

By: _/s/ J. P. Davis_____

      Joshua P. Davis
      State Bar No. 24055379
      Katherine Ray
      State Bar No. 24091634
1010 Lamar, Suite 200
Houston, Texas 77002
713.337.4100/Phone
713.337.4101/Fax
_josh@thejdfirm.com_
_katie@thejdfirm.com_

**Attorneys for Plaintiffs**

## DEFINITIONS AND INSTRUCTIONS

As used in these discovery requests, the terms listed below shall be defined as follows:

1. "You," "your" and/or "State Farm" refers to Defendant State Farm Lloyds.

2. The "policy" refers to the insurance policy/contract you provided to Plaintiff(s) in this case that (a) was effective on August 11, 2014, the date of loss in this case; and (b) covered Plaintiffs' home located at 7630 Glen Mont, San Antonio, Texas 78239.

3. "Loss" refers to all damages relating to the wind and hailstorm that occurred on August 11, 2014, referred to in Plaintiff's Original Petition.

4. "Plaintiff(s)" refers to Plaintiff Jesus and Margaret Agredano in this cause.

5. The terms "documents" and "tangible things" mean and include originals, if available, otherwise a carbon copy, Xerox copy or photocopy, computer-generated copy, electronic copy, or other identical or non-identical copy *and* copies different from the original because of handwritten notes, underscoring, or other similar markings or alterations of any papers, letters, memoranda, books, accounts, writings, drawings, graphs, charts, photographs, electronic or videotape recordings, e-mails, text messages, instant messages, backup tapes, computer hard drives, metadata, electronic storage devices (including but not limited to disks, CD's, DVD's, memory sticks, and any other electronic storage devices), and any and all other data compilations from which information can be obtained and translated into reasonably usable form.  These terms include documents and tangible things sent by you to any other person as well as documents and tangible things intended only for your use.

6. The terms "documents" and "tangible things" also mean and include communications not only in words, but in symbols, pictures, sound recordings, films, tapes, and information stored in or assessable through computers or other information storage and retrieval systems, **including e-mail.** *If the information is kept in a computer or information storage and retrieval system, please provide or explain all codes and programming instructions and any other information necessary to understand, access, or use the system.  Plaintiffs request that you produce e-mail and electronic or magnetic data in paper form or on a disk.*

7. Additionally, the terms "documents" and "tangible things" mean and include, but are not limited to, the following:  calendars, checkbooks, contracts, agreements, reports, bills, invoices, records of obligations and expenditures, corporate bylaws and charters, correspondence, letters, diaries, files, legal documents, financial

3

documents (including, but not limited to, annual reports, quarterly reports, 10-Ks, 10-Qs, balance sheets and profit-and-loss statements), memoranda, notes, press releases, purchase orders, schedules, evaluations, written reports of tests or experiments, telegrams, drafts of documents, "post-it notes," "e-mail," and telephone-transmitted facsimiles.

8. The term "person" means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, and any other organization, business, or legal entity.

9. When referring to a person or entity, the term "identify" means to provide the following information:

   a.   the name of the person or entity;
   b.   the present or last known address of the person or entity; and,
   c.   the present or last known telephone number of the person or entity.

10. When referring to a document or tangible thing, the term "identify" means to provide the following information:

   a.   the type of document or tangible thing (for example, a letter, handwritten note, or *e-mail);*
   b.   the title or heading that appears on the document or tangible thing;
   c.   the date of the document or tangible thing and the date of each addendum, supplement, or other addition or change;
   d.   the identity of the author of the document, the identity of the person who signed the document, the identity of the person on whose behalf or at whose request or direction the document was prepared, and the identity of the person to whom the document was directed, delivered, mailed, given, or transmitted; and
   e.   the present location of the document, and the name, address, and telephone number of the person having custody of the document.

11. When referring to an occasion, the term "identify" means to provide the following information:

   a.   the date of the occasion;
   b.   the parties involved;
   c.   the location;
   d.   the cause;
   e.   whether a claim or lawsuit was filed and if so the resolution; and
   f.   briefly explain what happened.

4

12. The word "and" means "and/or."

13. The word "or" means "or/and."

14. If any interrogatory is objected to, please state the complete basis for your objection. If you object to only a portion of a particular interrogatory, specifically identify that portion and answer the remainder completely. If you claim a privilege or privileges as grounds for not answering any interrogatory in whole or in part, in enough detail to permit the court to adjudicate the validity of your claim, please state the privilege or privileges you are asserting, describe the factual basis for your claim of privilege, and include relevant dates and persons involved.

15. Plaintiff(s) request(s) that all documents, other data compilations, or tangible things that relate to, concern, or that might impact on the subject matter of this litigation be preserved and that any ongoing process of document destruction involving such documents cease.

16. If you claim a privilege or privileges as grounds for not answering any interrogatory in whole or in part, please provide Plaintiff's(s') attorney with an appropriate privilege log.

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION

### CONTACT INFO

1.    Copies of the employment files for all employees of Defendant(s) who are listed as persons with knowledge in response to Plaintiff's(s') request for disclosure, as well as the person with the most knowledge of Plaintiff's(s') account and the handling of same in this case. If you contend such documents are privileged, Plaintiff(s) request(s) a privilege log be prepared which details all such documents so Plaintiff(s) may determine whether privilege applies and seek a judicial determination of privilege.

### POLICY

2.    A certified copy of the insurance policy pertaining to the claims involved in this suit.

### CLAIM FILE

3.    The claim files from the home, regional, local offices, and third party adjusters/adjusting firms regarding the claim that is the subject of this matter, including copies of the file jackets, "field" files and notes, and drafts of documents contained in the file.

4.    The field notes, measurements and file maintained by the adjuster(s) and/or engineers who physically inspected the subject property.

5.    The electronic diary, including the electronic and paper notes made by Defendant's(s') claims personnel, contractors, and third party adjusters/adjusting firms relating to the Plaintiff's(s') claims.

### UNDERWRITING FILE

6.    The underwriting files referring or relating in any way to the policy at issue in this action, including the file folders in which the underwriting documents are kept and drafts of all documents in the file.

6

## RECORDED STATEMENT/EUO

7.    All oral, taped, or recorded statements made by any participants and/or witnesses to the transactions and occurrences which form the basis of Plaintiff's(s') lawsuit which are in the possession, constructive possession, custody or control of the Defendant(s), Defendant's(s') attorney, or anyone acting on Defendant's(s') behalf.

## CLAIM PAYMENT

8.    The "Pay sheet," "Payment Log," or list of payments made on Plaintiff's(s') claim. This includes all indemnity, claim expenses and third party payments.

## CLAIM PROCEDURES

9.    Your written procedures or policies (including document(s) maintained in electronic form) that pertain to the **handling of windstorm claims in Texas** from the date of loss at issue in this claim, and back one year, and forward one year. If the party answering this request is an independent adjuster, produce the requested documents for both the independent adjusting company and the party [carrier] that hired you with respect to this claim.

10.   Your written procedures or policies (including document(s) maintained in electronic form) in place from the date of loss at issue in this claim, and back one year, and forward one year, that pertain to the **handling of complaints made by windstorm policyholders in Texas**. If the party answering this request is an independent adjuster, produce the requested documents for both the independent adjusting company and the party [carrier] that hired you with respect to this claim.

11.   The Operation Guides which relate to the handling of hail claims in Texas in effect from the date of loss at issue in this case, and back one year, and forward one year. If the party answering this request is an independent adjuster, produce the requested documents for both the independent adjusting company and the party [carrier] that hired you with respect to this claim.

12.   Copies of all manuals, videotapes, computer based learning modules, pamphlets, packets, memoranda, emails, and any and all other documents and/or media that detail the training and/or education provided to Defendant's(s') employees regarding evaluation of claims, use of any computer programs used to assist in evaluating and valuing claims, data utilized by computer program(s) in evaluating claims, and dissemination of the results of such analysis.

13. Copies of any and all manuals, instructions (whether written, electronic, or otherwise), and documents providing guidance for all computer program(s) utilized by Defendant(s) to evaluate Plaintiff's(s') claim(s). If you contend such documents are privileged, Plaintiff(s) request(s) a privilege log be prepared which details all such documents so Plaintiff(s) may determine whether privilege applies and seek a judicial determination of privilege.

## INVESTIGATION

14. Any and all non-privileged investigation documentation, reports and/or memoranda made by or submitted to Defendant(s), as a result of the claims asserted by Plaintiff(s) which have been made the basis of Plaintiff's(s') lawsuit (whether written, electronic, or otherwise). If you contend such documents are privileged, Plaintiff(s) request(s) a privilege log be prepared which details all such documents so Plaintiff(s) may determine whether privilege applies and seek a judicial determination of privilege.

15. The emails, instant messages and internal correspondence pertaining to Plaintiff's(s') underlying claim.

16. The videotapes, photographs and recordings of Plaintiff(s) or Plaintiff's(s') home, regardless of whether you intend to offer these items into evidence at trial.

17. Copies of the results of any and all computer analysis (whether written, electronic, or otherwise) of Plaintiff's(s') claims in this cause, as well as all documents and communications (whether written, electronic, or otherwise) disseminated by and/or between agents and/or employees of Defendant(s) regarding such results. If you contend such documents are privileged, Plaintiff(s) request(s) a privilege log be prepared which details all such documents so Plaintiff(s) may determine whether privilege applies and seek a judicial determination of privilege.

18. A copy of all correspondence, emails and reports between the Defendant(s) and any outside consultants or investigators involving the Plaintiff(s) or Plaintiff's(s') claims made the basis of this lawsuit.

19. Surveillance movies, photographs, videotapes, films or the like of any parties to this suit, of Plaintiff's(s') property at issue.

20. Copies of all documents that Defendant(s) contend(s) support denial of Plaintiff's(s') claims and/or tender of less than policy limits for Plaintiff's(s') claims.

21. Copies of any and all communications (whether written, electronic, or otherwise) by and between Defendant(s) and any person, company, or entity Defendant(s) has had evaluate the financial records of Plaintiff(s). This request encompasses all communications, whether via letter, memo, facsimile, email, or any other communication of any kind. If you contend such documents are privileged, Plaintiff(s) request(s) a privilege log be prepared which details all such documents so Plaintiff(s) may determine whether privilege applies and seek a judicial determination of privilege.

### REPORTS

22. The adjusting reports, estimates and appraisals prepared concerning Plaintiff's(s') underlying claim.

23. Any engineering or other reports prepared concerning Plaintiff's(s') underlying claim.

24. Any roofing repair reports prepared concerning the Insured Location.

### ADJUSTER(S)

25. The documents reflecting your criteria and procedures for the selection and retention of independent adjusters and engineers handling windstorm claims in Texas from one year prior to the date of loss at issue through one year after such date.

26. If a third party evaluated the subject property, provide the documents that show the number of other matters in which the same such person(s) were retained by you to evaluate other properties over the past five years.

27. Your approved or preferred vendor list for engineers, third party adjusters/adjusting companies, roofers and contractors, for windstorm claims in Texas from one year prior to the date of loss at issue through one year after such date.

28. The billing statements, including billing detail, of the independent adjusters and engineers retained to evaluate the subject property.

29. For the past five years, the portions of the personnel file of the adjuster(s) involved in handling Plaintiff's(s') claims that pertain to disciplinary actions associated with claims handling, and performance under a bonus or incentive plan.

30. The contract between the Defendant insurer and the Defendant third party adjusting company.

31. The correspondence between the Defendant insurer and the third party adjusters/adjusting firms, engineers and other estimators who worked on the claim that pertain to the Claim at issue.

32. The bonus or incentive plan for adjusters in effect for the time period one year prior to the date of loss at issue through one year after such date.

33. The documents, manuals, and training materials, including audio and/or video tapes used in training, overseeing, or supervising your personnel employed in adjusting property claims in Texas and in effect from one year prior to the date of loss at issue through one year after such date.

## STORM

34. The information regarding weather conditions on which you relied in making decisions on the Plaintiff's(s') claims.

35. A copy of all complaints from insurance agents concerning, generally or specifically, Defendant's(s') denials or partial denials, of any other hail or windstorm claim for the same date of loss as the claim in this case, and for any property within 20 miles of the property at issue here.

36. Produce the claim file for all property damage claims made by persons for the same date of loss as Plaintiff's(s') claim. This request is limited to persons who live within a 5-mile radius of Plaintiff's(s') insured residence.

37. If you dispute that the cause of the loss was related solely to a storm during the policy period at issue, produce all reports in your possession regarding damage to any property within a one-mile radius of the Plaintiff's(s') insured property, and produce any reports concerning hail such radius.

## POLICIES AND PROCEDURES FOR HANDLING CLAIMS

38. Defendant's(s') internal newsletters, bulletins, publications and memoranda relating to policies and procedures for handling Texas hail claims that were issued from one year prior to the date of loss at issue to one year after that date, including, but not limited to, memoranda issued to claims adjusters.

39. The price guidelines that pertain to the handling of claims arising out of hail storms. In the event you utilize published guidelines or "off the shelf" software, without modification, as your price guidelines, you may respond by simply identifying by name, version, and/or edition the published guidelines you use.

40. The Complaint Log required to be kept by you for windstorm complaints in Texas filed over the past three years.

41. A curriculum vitae or resume, written report, bibliography, fee agreement and list of cases each expert has testified in over the past ten years, whether live or by deposition, for any individual whom you may call as an expert witness in the trial of this matter.

## EXPERTS

42. The managerial bonus or incentive plan for managers responsible for windstorm claims in effect for the time period one year prior to the date of loss at issue through one year after such date.

## OTHER

43. Any and all documents described or utilized in responding to Plaintiff's(s') Interrogatories and Request For Disclosure to Defendant(s). If you contend such documents are privileged, Plaintiff(s) request(s) a privilege log be prepared which details all such documents so Plaintiff(s) may determine whether privilege applies and seek a judicial determination of privilege.

44. Any agreements for settlement, indemnification, compromise, guarantee, or any other kind of agreement which you have entered into with any party, non-party, as a result of or relating to the insurance claim made the basis of this lawsuit.

45. Copies of all documents, forms, applications, or authorizations provided by Plaintiff(s) to Defendant(s).

11

# PLAINTIFF'S FIRST SET OF INTERROGATORIES

## CONTACT INFORMATION

**INTERROGATORY 1:** State the name, address (both work and home), telephone number, driver's license number, social security number, and position or job title of all persons answering these interrogatories and all persons consulted in answering these interrogatories.

**ANSWER:**

## POLICY

**INTERROGATORY 2:** For the insurance policy that forms a basis of this lawsuit, state:
      a.    the name, principal place of business and telephone number of the insurer;
      b.    the name, address and telephone number of the named insured(s);
      c.    the policy number;
      d.    the effective dates of coverage;
      e.    the types of coverage included (e.g., property damage);
      f.    the amount of coverage;
      g.    the dates of premium payment; and,
      h.    the amount of the premium payment on each date.

**ANSWER:**

## NOTICE OF CLAIM

**INTERROGATORY 3:** List the date(s) Defendant(s) received Plaintiff's(s') claim(s) for coverage for property damages, the date(s) Defendant(s) first acknowledged Plaintiff's(s') notice of claim(s), and in what form these notices were submitted.

**ANSWER:**

**INTERROGATORY 4:** If the date Defendant(s) first acknowledged Plaintiff's(s') notice of claim(s) was not within fifteen business days from the date Defendant(s) received Plaintiff's(s') claim for coverage for property damage, please state the reasons you contend you were not able to accept or reject the claim with fifteen business days and identify all documents evidencing such facts.

**ANSWER:**

## RECORDED STATEMENTS/ EUO

**INTERROGATORY 5:** Please state whether Defendant(s) took, or are aware of the taking of a recorded statement and/or examination under oath of Plaintiff(s) regarding the claim made the basis of this lawsuit. If a recorded statement and/or examination under oath was taken, please state the date it was taken and the name of the person taking the statement. Please also state whether the statement was transcribed and where the statement is currently located and/or the last place Defendant(s) saw a transcription of same.

**ANSWER:**

## REVIEW OF THE CLAIM

**INTERROGATORY 6:** State the name, address, telephone number, and job title or position of all persons who issued, adjusted, investigated, reviewed, handled, made entries or made decisions, or exchanged any documents or communications, including electronic, regarding Plaintiff's(s') insurance policy or the claim(s) making the basis of this lawsuit, including the name, address and telephone number of the identified person's supervisor. For all such persons who are no longer employees, agents, or representatives of any defendant, please so indicate and provide the person's last known address and telephone number.

**ANSWER:**

**INTERROGATORY 7:** State the legal theories, and describe the factual bases for your contention that Defendant(s) fully complied with each of the claims handling requirements codified in TEX. INS. CODE § 541.060

**ANSWER:**

## ADJUSTERS

**INTERROGATORY 8:** State the name, address, and telephone number of the office from which each person involved in adjusting the claim at issue worked while handling Plaintiff's(s') claim(s), and the name, address, and telephone number of each person's direct supervisor during that time.

**ANSWER:**

**INTERROGATORY 9:** State whether any person involved in adjusting the claim at issue requested or asked for assistance in handling and/or investigating Plaintiff's(s') claim(s), and if so, identify to whom the request was made.

**ANSWER:**

**INTERROGATORY 10:** State the number of years in which any adjuster involved in the claim at issue has adjusted, investigated and/or recommended any compromise settlement and/or payment of policies held by the insurance company involved in this case. Please also provide the date on which such adjuster was licensed as an adjuster in the State of Texas.

**ANSWER:**

**INTERROGATORY 11:** For each adjuster involved with the claim at issue, list any and all courses, seminars, education, training or other experiences such person has attended or received concerning knowledge of TEX. INS. CODE Chapter 541. Formerly Art. 21.21, *et seq.*, and TEX. INS. CODE Chapter 542, formerly Art. 21.55. *et seq.* Please also provide the name, address and telephone number of the entity or individual that sponsored and/or provided the course, seminar, education, training or other experience.

**ANSWER:**

**INTERROGATORY 12:** State the current annual salary each person involved in adjusting the claim at issue earns from the adjustment of insurance claims. Please state any bonus and/or profit-sharing proceeds received in the last five years and how those bonus and/or profit sharing proceeds were calculated.

**ANSWER:**

## PAYMENTS

**INTERROGATORY 13:** State the total amount of all payments, if any, you contend were made by you to the Plaintiff(s) as a result of the claim that forms the basis of this suit.

**ANSWER:**

**INTERROGATORY 14:** Identify anyone who recommended payment on Plaintiff's(s') claim(s), and if so, state what amount(s).

**ANSWER:**

## BASIS FOR DENIAL

**INTERROGATORY 15:** Please state in full detail each and every contention or denial of liability on Plaintiff's(s') claims made the basis of this suit. Include in your answer:

14

a.   all facts known to you which you contend support or corroborate each such denial;

b.   the name, business and residence address, and telephone number of each person known to you who claims to have any knowledge relating to each such denial of Plaintiff's(s') claims; and,

c.   the name, business and residence address, and telephone number of the present custodian of any writings in support of each such denial.

**ANSWER:**

**INTERROGATORY 16:** State every basis, in fact and in the terms of Plaintiff's(s') policy, for Defendant's(s') denial or partial denial and/or recommendation of denial or partial denial of Plaintiff's(s') claim(s).

**ANSWER:**

## DEFENSES

**INTERROGATORY 17:** If you contend that Plaintiff(s) have failed to comply with any condition precedent to the contract of insurance that forms the basis of this suit, please identify the condition precedent and state the basis for your contention.

**ANSWER:**

**INTERROGATORY 18:** If you contend that the claim in question is excluded from coverage for any reason under the contract of insurance that forms the basis of this suit, please state the basis for this exclusion.

**ANSWER:**

**INTERROGATORY 19:** State whether Defendant(s) contend(s) that Plaintiff(s) did not provide any of the named Defendant(s) in this cause of action with requested information which was required in order to properly evaluate Plaintiff's(s') claim(s). If so, state what information was requested and not provided, and the dates of the requests.

**ANSWER:**

## TRIAL- WITNESSES

**INTERROGATORY 20:** Identify every person who is expected to be called to testify at trial, including your experts. *See* TEX. R. CIV. P. 192.3(d).

**ANSWER:**

**INTERROGATORY 21:**   Identify all discoverable, consulting experts, that is, consulting experts whose work has been reviewed by the testifying expert. *See* TEX. R. CIV. P. 192.3(e). For each expert named, provide the following information:

    a.    the expert's name, address, and telephone number;

    b.    the expert's current résumé and bibliography;

    c.    the facts known to the expert that relate to or form the basis of the expert's mental impressions and opinions formed or made in connection with the case, regardless of when and how the factual information was acquired;

    d.    the mental impressions or opinions of the expert formed or made in connection with the case and any methods used to derive them;

    e.    any bias of the expert; and,

    f.    identify all documents and tangible things, including reports, models, or data compilations, that have been provided to, reviewed by, or prepared by or for the expert, so the documents or tangible things may properly besought by a request for production.

**ANSWER:**

**INTERROGATORY 22:**   Identify every person who has impeachment or rebuttal evidence and describe the evidence each person has. If you have enough information to anticipate the use of impeachment or rebuttal evidence or witnesses, you must provide that information.

**ANSWER:**

## STORM

**INTERROGATORY 23:** Identify every other insurance claim (by name, address and telephone no. of the insured) made for property damage in the same city/town as the house at issue in this case, and stemming from the same storm, which claim was paid in part or whole. State the name, phone number, and address of the insured.

**ANSWER:**

**INTERROGATORY 24:** Give the name, address and telephone number of all persons making a claim with you for property damage for the same date of loss as Plaintiff's(s') claim. This request is limited to persons who live within a 5-mile radius of Plaintiff's(s') insured residence.

**ANSWER:**

## CLAIM HANDLING INVESTIGATIONS

**INTERROGATORY 25:** For each investigation by a Texas governmental agency within the last four years into Defendant's(s') practices when handling first party claims for personal property damage, state the name of the agency, the names of all investigators, and the names of all government representatives with whom Defendant(s) communicated for purposes of the investigation.

**ANSWER:**

## <u>PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS</u>

1. Admit that Plaintiff(s) has/have fulfilled all conditions precedent to file suit.

**RESPONSE:**

2. Admit that this lawsuit concerns a covered claim.

**RESPONSE:**

3. Admit that this lawsuit concerns an uncovered claim.

**RESPONSE:**

4. Admit that you dispute Plaintiff's(s') scope of work as described in Plaintiff's(s') Quality Loss Assessment Estimate attached to Plaintiff's(s') demand letter of May 4, 2015.

**RESPONSE:**

5. Admit that you do not dispute Plaintiff's(s') scope of work as described in Plaintiff's(s') Quality Loss Assessment Estimate attached to Plaintiff's(s') demand letter of May 4, 2015.

**RESPONSE:**



**CORPORATION SERVICE COMPANY**

# Notice of Service of Process

**null / ALL**
**Transmittal Number: 14448542**
**Date Processed: 11/09/2015**

| Primary Contact: | State Farm Enterprise SOP<br>Corporation Service Company- Wilmington, DELAWARE<br>2711 Centerville Road<br>Wilmington, DE 19808 |
|---|---|

| | |
|---|---|
| Entity: | State Farm Lloyds<br>Entity ID Number  3461674 |
| Entity Served: | State Farm Lloyds |
| Title of Action: | Jesus Agredano vs. State Farm Lloyds |
| Document(s) Type: | Citation/Petition |
| Nature of Action: | Contract |
| Court/Agency: | Bexar County District Court, Texas |
| Case/Reference No: | 2015CI16101 |
| Jurisdiction Served: | Texas |
| Date Served on CSC: | 11/09/2015 |
| Answer or Appearance Due: | 10:00 am Monday next following the expiration of 20 days after service |
| Originally Served On: | CSC |
| How Served: | Regular Mail |
| Sender Information: | Joshua P. Davis<br>713-337-4100 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882  |  sop@cscinfo.com

PRIVATE PROCESS             Case Number: 2015-CI-16101

JESUS AGREDANO ET AL
VS.                                                      2015CI16101 S00001

STATE FARM LLOYDS                                IN THE DISTRICT COURT
(Note: Attached Document May Contain Additional Litigants.)     225TH JUDICIAL DISTRICT
                                                 BEXAR COUNTY, TEXAS

# CITATION

"THE STATE OF TEXAS"

Directed To: STATE FARM LLOYDS


BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY


"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk
who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were
served this citation and petition, a default judgment may be taken against you." Said petition was filed on the 23rd
day of September, 2015.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 8TH DAY OF OCTOBER A.D., 2015.

PETITION


JOSHUA P DAVIS
ATTORNEY FOR PLAINTIFF            **Donna Kay M°Kinney**
1010 LAMAR ST 200                **Bexar County District Clerk**
HOUSTON, TX 77002-6311           **101 W. Nueva, Suite 217**
                                 **San Antonio, Texas 78205**
                                 By: *Krystal Gonzalez,* Deputy



OFFICER'S RETURN

I received this citation on __11-3-15__ at __3:04__ o'clock __P__ M. and:( ) executed
it by delivering a copy of the citation with the date of delivery endorsed on it to the
defendant,_____ in person on the _____ at
_____o'clock ___M. at:_____ or ( ) not executed
because _____ Fees:_____ Badge/PPS #:_____
Date certification expires:_____
                                          _____County, Texas

                          By :_____
OR:   VERIFICATION  OF  RETURN  (If  not  served  by  a  peace  officer)  SWORN  TO  this
_____.

                          _____
                          NOTARY PUBLIC, STATE OF TEXAS

OR:   My name is_____, my date of birth is_____, and my
address is _____(County).
I declare under penalty of perjury that the foregoing is true and correct. Executed in
_____County, State of Texas, on the _____ day of_____, 20_____.

                          _Townslee J Acquard_
                          Declarant
                          SCH10316          ORIGINAL (DK002)

FILED
11/25/2015 9:14:47 AM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: George Diaz

## CAUSE NO. 2015CI16101

| | | |
|---|---|---|
| JESUS AND MARGARET AGREDANO | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | 225TH JUDICIAL DISTRICT |
| | § | |
| STATE FARM LLOYDS | § | BEXAR COUNTY, TEXAS |

### *ORIGINAL ANSWER OF DEFENDANT STATE FARM LLOYDS*

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES STATE FARM LLOYDS ("State Farm"), Defendant in the above-styled and numbered cause, and files its Original Answer and respectfully shows the Court the following:

### I.

Defendant STATE FARM LLOYDS generally denies the allegations contained in *Plaintiffs' Original Petition* and any amendments thereto, and demands strict proof thereof by a preponderance of the credible and believable testimony and evidence.

### II.

Defendant STATE FARM LLOYDS admits that it issued a homeowner's policy of insurance, Policy No. 83-15-5678-4 to Plaintiffs Jesus and Margaret Agredano.

### III.

Defendant STATE FARM LLOYDS intends to comply with the terms and conditions of the policy sued on, to the extent said policy of insurance was in effect on any date Plaintiffs may allege applies, and Defendant STATE FARM LLOYDS agrees to pay those monies which the Plaintiffs may be entitled to recover as damages as determined by the Court and jury. Defendant STATE FARM LLOYDS specifically does not agree to waive any right it has under any policy of insurance sued on and insists on its rights as contained in said policy, including the conditions and exclusions contained therein.

**IV.**

Plaintiffs' claims are barred, in whole or in part, pursuant to the conditions and obligations under the insurance policy issued to Plaintiffs.  The insurance policy issued by STATE FARM LLOYDS to Plaintiffs provides the following exclusions and provisions which may preclude Plaintiffs' ability to recover for claims handled under claim number 53-4V12-174:

**SECTION I – LOSSES INSURED**

**Coverage A – Dwelling**

> We insure for accidental direct physical loss to the property described in Coverage A, except as provided in **SECTION I – LOSSES NOT INSURED.**

**SECTION I – LOSSES NOT INSURED**

1.  We do not insure for any loss to the property described in Coverage A which consists of, or is directly or immediately caused by, one or more of the perils listed in item a. through n. below, regardless of whether the loss occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces or occurs as a result of any combination of these.

    g.  wear, tear, marring, scratching, deterioration, inherent vice, latent defect or mechanical breakdown;

    However, we do insure for any resulting loss from items a. through m. unless the resulting loss is itself a Loss Not Insured by this Section.

3.  We do not insure under any coverage for any loss consisting of one or more of the items below.  Further, we do not insure for loss described in paragraphs 1. and 2. immediately above regardless of whether one or more of the following: (a) directly or indirectly cause, contribute to or aggravate the loss; or (b) occur before, at the same time, or after the loss or any other cause of the loss:

    b.  defect, weakness, inadequacy, fault or unsoundness in:

        (1)  planning, zoning, development, surveying, siting;

        (2)  design, specifications, workmanship, construction, grading, compaction;

        (3)  materials used in construction or repair; or

2

(4)    maintenance;

of any property (including land, structures, or improvements of any kind) whether on or off the **residence premises**; or

However, we do insure for any resulting loss from items a., b. and c. unless the resulting loss is itself a Loss Not Insured by this Section.

## V.

Defendant STATE FARM LLOYDS pleads, as an affirmative defense pursuant to Texas Rule of Civil Procedure 94, the Limitation of its Liability as stated in the "Limit of Liability" clause contained in the policy sued on. Defendant STATE FARM LLOYDS' liability is limited to the amount of coverage purchased by the insured and reduced by any applicable reduction clauses or pro-rata clauses contained in said policy.

## VI.

Defendant STATE FARM LLOYDS pleads the affirmative defense of limit of liability to exemplary damages as set forth in Tex. Civ. Prac. & Rem. Code § 41.008, (Vernon 2003), *et seq*. Consequently, Defendant's liability for exemplary damages, if any, is strictly limited to the amount equal to the greater of:

1.    Two times the amount of economic damages, plus an amount equal to any non-economic damages found by a jury, not to exceed $750,000.00, or

2.    $200,000.00.

Tex. Civ. Prac. & Rem. Code § 41.008 (Vernon 2003).

Defendant STATE FARM LLOYDS invokes the constitutional protections of the due process clause of the Fourteenth Amendment of the United States Constitution and the due process requirements of the Texas Constitution, which both provide procedural and substantive protections for deprivation of property without due process of law.

3

**VII.**

Defendant pleads the affirmative defense of a bona fide dispute.

**VIII.**

Defendant affirmatively pleads and alleges that Plaintiffs' claimed injuries are the result, either in whole or in part, of a pre-existing condition which is the cause, either in whole or in part, of Plaintiffs' claimed damages.

**IX.**

Subject to the admissions made above, Defendant STATE FARM LLOYDS denies the balance of the allegations contained in Plaintiffs' Original Petition.

WHEREFORE, PREMISES CONSIDERED, Defendant STATE FARM LLOYDS prays that the Court enter judgment in conformance with the fact and law findings of the Court and jury and in conformance with the relief requested herein, and that if the judgment of the Court is appropriate, Defendant STATE FARM LLOYDS recover its costs of court, and for all other and further relief to which Defendant STATE FARM LLOYDS is justly entitled whether at law or in equity.

Respectfully submitted,

ALLEN, STEIN & DURBIN, P.C.
6243 I.H. 10 West, 7th Floor
P.O. Box 101507
San Antonio, Texas  78201
(210) 734-7488 (Telephone)
(210) 738-8036 (Telecopier)

JENNIFER GIBBINS DURBIN
State Bar No. 07840500
jdurbin@asdh.com

CLAY W. MORGAN
State Bar No. 24041526
cmorgan@asdh.com

**ATTORNEYS FOR DEFENDANT
STATE FARM LLOYDS**

### *CERTIFICATE OF SERVICE*

This is to certify that a true and correct copy of the above and foregoing ***Original Answer of Defendant State Farm Lloyds*** was this 25th day of November, 2015, forwarded via facsimile to:

Mr. Joshua P. Davis
Ms. Katherine Ray
Josh Davis Law Firm
1010 Lamar, Suite 200
Houston, Texas 77002

JENNIFER GIBBINS DURBIN
CLAY W. MORGAN

#1358947/3277.232/CWM/hc

5

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **JESUS AND MARGARET AGREDANO** | § | |
| **Plaintiff** | § | |
| **v.** | § | **CASE NO. 5:15-cv-1067** |
| | § | |
| **STATE FARM LLOYDS** | § | |
| **Defendant** | § | |

*LIST OF COUNSEL*

**Counsel for Plaintiffs Jesus and Margaret Agredano**

JOSHUA P. DAVIS
State Bar No. 24055379
KATHERINE RAY
State Bar No. 24091634
1010 Lamar, Suite 200
Houston, Texas 77002
(713) 337-4100 (Telephone)
(713) 337-4101 (Telecopier)


**Counsel for Defendant State Farm Lloyds**

JENNIFER GIBBINS DURBIN
State Bar No. 07840500
jdurbin@asdh.com
CLAY W. MORGAN
State Bar No.  24041526
cmorgan@asdh.com
ALLEN, STEIN & DURBIN, P.C.
6243 I.H. 10 West, 7th Floor
P.O. Box 101507
San Antonio, Texas  78201
(210) 734-7488 (Telephone)
(210) 738-8036 (Telecopier)


#1360568

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Jesus and Margaret Agredano

**DEFENDANTS**

State Farm Lloyds

**(b)** County of Residence of First Listed Plaintiff  **Bexar**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  **Illinois**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Joshua P. Davis/Katherine Ray
1010 Lamar, Suite 200, Houston, Texas 77002
(713) 337-4100 / (713) 337-4101

Attorneys *(If Known)*
Jennifer Gibbins Durbin/Clay W. Morgan
6243 IH-10 West, 7th Floor, San Antonio, Texas 78201
(210) 734-7488 / (210) 738-8036

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | |
| | | ☐ 550 Civil Rights | | |
| | | ☐ 555 Prison Condition | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | |

*(BANKRUPTCY / SOCIAL SECURITY column)*
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Sections 1332 and 1441
Brief description of cause:
Breach of contract and bad faith against insurer

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____  DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____