UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION



| JESUS AGREDANO; MARGARET AGREDANO, | § |
| --- | --- |
| | § |
| PLAINTIFFS, | § |
| | § Civil No. SA-15-CV-01067-RCL |
| v. | § |
| | § |
| STATE FARM LLOYD'S, | § |
| | § |
| DEFENDANT. | § |

## Memorandum Opinion: Finding that the Plaintiff's May Seek Attorney's Fees and Statutory Interest

The Court has before it the plaintiffs' brief in support of their claim for attorney's fees and statutory interest. ECF No. 111. The plaintiffs prevailed at trial on their breach-of-contract claim. ECF No. 103. The question now is whether they are entitled to seek attorney's fees and statutory interest. After trial, the parties and the Court conferred and agreed that the Court would first consider this question as a matter of law. The parties and the Court also agreed that only if the Court answered this question in the plaintiffs' favor would the plaintiffs file an actual motion claiming attorney's fees. Having carefully considered the parties' briefs and all applicable caselaw, the Court concludes that the plaintiffs are entitled to attorney's fees and to statutory interest under § 542.060 of the Texas Insurance Code.

### Analysis

Texas law is clear that "attorney's fees are recoverable as a cost of collection only if authorized by statute or contract." *Richardson v. Wells Fargo Bank, N.A.*, 740 F.3d 1035, 1037 (5th Cir. 2014) (citing *In re Nalle Plastics Family Ltd. P'ship*, 406 S.W.3d 168, 172 (Tex. 2013)). Neither party contends that the contract at issue in this case provided for the recovery of attorney's

1

fees. Therefore, the plaintiffs can only recover attorney's fees if a statute authorizes collecting those attorney's fees.

The plaintiffs point to two statutes that they argue authorize collecting attorney's fees and statutory interest in this case. First, they argue that they are entitled to attorney's fees under TEX. CIV. PRAC. & REM. CODE § 38.001. Second, they argue that they are entitled to attorney's fees and statutory interest under TEX. INS. CODE § 542.060. The Court will analyze each in turn.

I. **Chapter 38 of the Texas Civil Practice & Remedies Code Does Not Authorize Recovery of Attorney's Fees in this Case.**

Chapter 38 of the Texas Civil Practice & Remedies Code governs the recovery of attorney's fees in civil cases. The relevant section of that chapter reads as follows:

> A person may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for: . . . (8) an oral or written contract.

TEX. CIV. PRAC. & REM. CODE § 38.001. This section allows a prevailing plaintiff in a contract case to recover reasonable attorney's fees—but only from "an individual or corporation." The defendant, a Lloyd's plan, is neither.

That a Lloyd's plan is not an individual is plain on its face. It is not so clear that a Lloyd's plan is not a corporation. But Texas courts have, in the context of § 38.001, construed the word "corporation" "to mean a corporation specifically, not a generic term for any type of business." *Choice! Power, L.P. v. Feeley*, 501 S.W.3d 199 (Tex. App.—Houston [1st Dist.] 2016). The Fifth Circuit has interpreted such cases to mean that the word "corporation" in § 38.001 refers specifically and only to incorporated entities. *Hoffman v. L & M Arts*, 838 F.3d 568, 583 n.14 (5th Cir. 2016). Unincorporated entities, then, cannot be made to pay attorney's fees under § 38.001. *E.g. Choice! Power*, 501 S.W.3d at 214 (finding that § 38.001 "does not permit recovery against a limited partnership"; *Fleming & Assocs., L.L.P. v. Barton*, 425 S.W.3d 560, 576 (Tex. App.—

Houston [14th Dist.] 2014) (concluding that § 38.001 did not permit recovery of attorney's fees from any kind of partnership); *Hoffman*, 838 F.3d at 583 n.14 (expressing approval of the district court's "*Erie* guess that an LLC . . . is not 'an individual or corporation' under section 38.001"). And a Lloyd's plan is an unincorporated entity. *Royal Ins. Co. of Am. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882 (5th Cir. 1993). Therefore, the defendant, a Lloyd's plan, is not a corporation within the meaning of § 38.001 and the plaintiffs cannot use § 38.001 to recover attorney's fees from the defendants.

## II. The Plaintiffs Cannot Recover Attorney's Fees or Statutory Interest Under § 542.060 of the Texas Insurance Code.

The plaintiffs argue that they are entitled to recover attorney's fees and 18% statutory interest under Texas's Prompt Payment of Claims Act ("PPCA"). TEX. INS. CODE §§ 542.051 *et seq.* Under the PPCA, "an insurer that is 'liable for a claim under an insurance policy' and fails to promptly respond to, or pay, the claim in accordance with the statute" must pay not only the amount of the claim, but also "an 18 percent per annum statutory penalty and reasonable attorney's fees." *Lyda Swinerton Builders, Inc. v. Oklahoma Surety Co.*, 877 F.3d 600, 615 (5th Cir. 2017) (quoting TEX. INS. CODE § 542.060). A plaintiff seeking to recover these penalties and attorney's fees under the PPCA "must establish that: '(1) a claim was made under an insurance policy, (2) the insurer is liable on the claim, and (3) the insurer failed to follow one or more sections of the prompt payment statute with respect to the claim.'" *Id.* (quoting *United Nat. Ins. Co. v. AMJ Investments, LLC*, 447 S.W.3d 1, 13 (Tex. App.—Houston [14th Dist.] 2014, pet. dism'd)). The plaintiffs say that the defendant's breach of contract, for which the jury found the defendant liable, satisfies these conditions.

### A. The Plaintiffs' Case Satisfies the Substantive Requirements of § 542.060.

3

The Court agrees that the defendant's conduct in this case would normally justify imposing the penalties included in § 542.060. It is undeniable that the plaintiffs made a claim under an insurance policy; that the defendant was liable on the claim; and that the defendant, by failing to pay the claim at all prior to litigation, delayed payment of the claim for more than 60 days in violation of § 542.058 of the prompt payment statute. It is also clear under Texas law that a successful breach-of-contract action against an insurer for failure to pay a claim is a sufficient factual predicate to justify imposing the penalties contained in § 542.060. *See, e.g., Higginbotham v. State Farm Mut. Auto Ins. Co.*, 103 F.3d 456, 461 (5th Cir. 1997) (finding these penalties to be justified under § 542.060's predecessor statute where the plaintiff prevailed on a breach-of-contract claim against his insurer for failure to pay a worthy claim); *United Svcs. Auto. Ass'n v. Croft*, 175 S.W.3d 457, 474 (Tex. App.—Dallas 2005, no pet.) (same). Here, the jury found that the defendant breached its contract with the plaintiffs after the plaintiffs made a meritorious claim and the defendant did not pay that claim. These findings satisfy the substantive requirements for receiving attorney's fees and interest under §542.060.

### B. The Plaintiffs Complaint Fails to Plead Claims Under or Request Relief Under § 542.060.

But this seemingly straightforward analysis is complicated by the poor quality of the plaintiffs' pleadings. In this case, the plaintiffs neither pleaded actual claims under the PPCA nor did they specifically request damages under the PPCA. That being the case, it is not clear that they may be awarded the PPCA's statutory penalties despite satisfying the substantive requirements of the statute.

First, the plaintiffs failed to plead any actual claims under the PPCA. The Court has reviewed the plaintiffs' petition [ECF #1-2]. In that petition, the following claims are asserted: (1) negligent misrepresentation, (2) breach of good faith and fair dealing, (3) breach of contract, (4)

money had and received / unjust enrichment, (5) negligence, and (6) violations of §§ 541.060 (Unfair Settlement Practices) and 541.152 (Damages, Attorney's Fees, and Other Relief) of the Texas Insurance Code. *Id.* But §§ 541.060 and 541.152, though they are sections of the Texas Insurance Code, are not part of the PPCA, which consists of §§ 542.051–061. Therefore, the plaintiffs asserted no claim under the PPCA.

All doubt about this issue was put to rest by Judge Ezra's order on the defendant's motion for summary judgment. ECF No. 56. The conclusion of that order clearly states that the only claim surviving the motion was the plaintiffs' breach-of-contract claim. *Id.* at 12. All other claims were denied with prejudice. *Id.* Clearly, then, the petition asserted no viable PPCA claim.

Second, the plaintiffs also did not request relief under the PPCA in their complaint. The plaintiffs argue that they did request relief under the PPCA. Specifically, they point to the conclusion of their petition, in which they ask for "[s]tatutory interest of 18%." ECF No. 1-2 at 7. Because the only place in the insurance code that allows for 18% statutory interest is § 542.060, the plaintiffs claim that this request was enough to assert a claim under the PPCA, or at least to request damages under § 542.060.

The Court disagrees. Reading pleadings so liberally may be permissible when analyzing *pro se* petitions, but more is expected when a party is represented by counsel. Elsewhere in their petition, the plaintiffs requested relief under specific sections of the Texas Civil Practice & Remedies Code. *Id.* at 6. They could have requested relief specifically under the PPCA as well. *Compare Lyda Swinerton Builders*, 877 F.3d at 608–09 (mentioning how the plaintiff in that suit specifically asserted claims under the PPCA). But they did not. And merely requesting 18% statutory interest in a petition's conclusion (a very odd place to seek relief on grounds not

5

addressed elsewhere in the petition), with no specific reference to which statute justifies that interest, is insufficient either to state a claim or to request specific statutory relief.

### C. Despite Failing to Request Relief Under § 542.060 in Their Pleadings, the Plaintiffs Are Entitled to Attorney's Fees and Statutory Interest Thanks to Rule 54.

Having established that the plaintiffs did not request relief under § 542.060 in their complaint, the Court confronts the question of whether this forecloses the plaintiffs from receiving relief thereunder. The question is fundamentally one of waiver—did the plaintiffs waive any right to attorney's fees and interest that they may have had under § 542.060 by failing to request that relief in their pleadings?

Rule 54(c) answers this question. It says that in "[e]very [non-default] final judgment should grant the relief to which each party is entitled, *even if the party has not demanded that relief in its pleadings.*" FED. R. CIV. P. 54(c) (emphasis added). This case involves a non-default judgment. So if the fees and interest provided for in § 542.060 may be characterized as "relief" and if the plaintiffs are entitled to that relief, then they may receive those fees and that interest despite not demanding them in their pleadings.

First, the fees and interest provided for in § 542.060 are properly characterized as "relief." In *United Svcs. Auto. Ass'n v. Croft*, the Texas Court of Appeals found that the only cause of action on which the plaintiff could prevail was its breach-of-contract claim. 175 S.W.3d 457, 473 (Tex. App.—Dallas 2005, no pet.). Having analyzed all of the plaintiff's causes of action, that court then proceeded to analyze the damages to which the plaintiff was entitled for that breach of contract. *Id.* at 474. As part of those damages, that court awarded to the plaintiff statutory interest and attorney's fees under Article 21.55 § 6 of the Insurance Code (§ 542.060's predecessor).[1] *Id.*

---

[1] Article 21.55 § 6 was the predecessor to § 542.060. The two statutes are very similarly worded and are virtually identical in substance. That being the case, the Court sees no reason not to treat the two statutes the same.

6

The important observation is that the court treated Article 21.55 § 6 as an aspect of damages as opposed to a cause of action. *See also Lusk v. Puryear*, 896 S.W.2d 377, 380 (Tex. App.—Amarillo 1995) (concluding that Article 21.55 was "not a separate cause of action"). And damages are a form of relief.

This conclusion is further reinforced by *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250 (5th Cir. 1998). In that case, the Fifth Circuit observed that the Texas Supreme Court had frequently referred to the interest and fees imposed by "§ 6 of Article 21.55 as a 'penalty'" that "applies automatically if the claim is not paid within the period allowed." *Id.* at 1255 (quoting *Maryland Ins. Co. v. Head Indus. Coatings and Servs., Inc.*, 938 S.W.2d 27, 28 (Tex. 1996); *State Farm Fire and Cas. Co. v. Gandy*, 925 S.W.2d 696, 714 (Tex. 1996)). The Court sees no reason to treat § 542.060 any differently than its predecessor. Thus, § 542.060 is fairly characterized as an automatic penalty, a type of relief.

In this way, statutory interest and attorney's fees under § 542.060 are similar to pre-judgment interest. The Fifth Circuit has said that "in diversity cases, it is not necessary for the plaintiff's pleadings to contain a prayer or other request for pre-judgment interest. If state substantive law provides for the recovery of interest, Federal Rule of Civil Procedure 54(c) requires that such be included where appropriate." *Meaux Surface Protection, Inc. v. Fogleman*, 607 F.3d 161, 172 (5th Cir. 2010). Like pre-judgment interest, the statutory interest and attorney's fees here are automatically provided for by state substantive law—§ 542.060. Therefore, Rule 54(c) requires that statutory interest and attorney's fees be awarded where appropriate regardless of whether the pleadings demanded them.

Second, it being clear that the penalties provided for in § 542.060 should be characterized as "relief," are the plaintiffs entitled to that relief? As the Court made clear above

7

in Part II.A, the plaintiffs, by prevailing on their breach of contract action, satisfied the substantive requirements of § 542.060: the plaintiffs made a claim under their insurance policy, the insurer was found to be liable on that claim, and the insurer delayed payment of the claim for more than 60 days. Those substantive requirements being satisfied, the plaintiffs are entitled to the relief § 542.060 provides.

The statutory interest and attorney's fees provided for by § 542.060 are automatic penalties that apply when an insurer fails to pay a claim within the period allowed. Therefore, § 542.060 provides "relief" to a plaintiff. And because the plaintiffs satisfy all of § 542.060's substantive requirements, they are entitled to that relief. Therefore, under Rule 54(c), the final judgment in the plaintiffs favor should grant that relief to them despite their failure to demand it in their pleadings. In the end, "State Farm took a risk when it chose to reject [the plaintiffs'] claim. State Farm lost when it was found liable for breach of contract. Therefore, it must pay this 18 percent per annum interest and reasonable attorneys' fees." *Higginbotham*, 103 F.3d at 461.

### D. The Defendant's Argument that They Received No Proper Notice of the Plaintiffs' Claim Fails.

Finally, the defendant argues that the plaintiffs are not entitled to attorney's fees and statutory interest under § 542.060 because the plaintiffs did not submit a proper, written notice of their claim to the defendant. At least one Texas court has held that such notice of claim is a necessary prerequisite to recovering the penalties provided by § 542.060.[2] *McMillin v. State Farm Lloyds*, 180 S.W.3d 183, 207 (Tex. App.—Austin 2005, pet. denied). Even assuming that this is an accurate statement of the law, though, the Court finds that the plaintiffs did submit a proper notice of claim.

---

[2] The defendant cites another case as well, *United Svcs. Auto. Ass'n v. Hayes*, 507 S.W.3d 263, 289–90 (Tex. App.—Houston [1st Dist.] 2016), in support of this proposition. But Westlaw shows that that judgment was vacated and remanded by agreement, so the Court will not consider it.

"Notice of claim" is defined as "any written notification provided by a claimant to an insurer that reasonably apprises the insurer of the facts relating to the claim." TEX. INS. CODE § 542.051(4). According to the defendant's own Claims Representative, Gilbert Santos, the defendant "received a letter of representation from a public adjuster, Elvia Chandler," on September 10, 2014, "that included an estimate" of the damage to the plaintiffs' roof for which the plaintiffs had submitted a claim. ECF No. 44-2. Even if the plaintiffs' original claim was not in writing (there is no evidence indicating one way or the other), the letter of representation was. And the letter of representation was provided by a representative of the plaintiffs (the claimants) to the defendant (the insurer) and was certainly enough to apprise the insurer of the facts relating to the claim. After all, the letter of representation contained an estimate of damages prepared by a third party that "alleged covered damage to the roof and exterior of the home totaling $45,270.33." *Id.* Now, the defendant vigorously challenged the accuracy of that estimate and the other claims in the letter of representation, but at the very least the letter was enough to put the defendant on notice of the claim, the facts relating to the claim, and the scope of the claim. For these reasons, the letter of representation that State Farm acknowledges receiving constituted proper, written notice of claim. As such, the defendant's argument fails.

## Conclusion

Under TEX. CIV. PRAC. & REM. CODE § 38.001, prevailing plaintiffs in contract actions may only recover attorney's fees from individuals and corporations. The defendant is neither an individual nor a corporation. Therefore, the plaintiffs may not recover attorney's fees under that section.

The plaintiffs asserted no claim under the PPCA. They also did not include an adequate demand for attorney's fees and statutory interest under TEX. INS. CODE § 542.060. But because

the plaintiffs are otherwise entitled to the relief offered by § 542.060, Federal Rule of Civil Procedure 54(c) authorizes this Court to grant that relief as part of its final judgment despite the plaintiffs' failure to demand that relief in their pleadings.

For these reasons, the Court finds that the plaintiffs are entitled to 18% per annum statutory interest and to attorney's fees under TEX. INS. CODE § 542.060.

**A final judgment consistent with this opinion and with the jury's earlier verdict will be entered.**

Signed: July 25, 2018.

_____
HONORABLE ROYCE LAMBERTH
UNITED STATES DISTRICT JUDGE